**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NICKOLAS HOLZER,<br><br>     Plaintiff,<br><br>     - v -<br><br>ASCEND WELLNESS HOLDINGS, INC.,<br><br>     Defendant. | Civil Action No.: 25-5551<br><br>**COMPLAINT** |

Plaintiff Nickolas "Chris" Holzer ("Holzer"), by and through his undersigned attorneys, brings this Complaint against Defendant Ascend Wellness Holdings, Inc. ("Ascend"), and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for breach of contract arising from Ascend's termination of Holzer's employment without providing the severance pay and compensation for restricted stock units required under his Employment Agreement.

**JURISDICTION AND VENUE**

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 as there is a diversity of citizenship among the parties and this action involves an amount in controversy in excess of $75,000, excluding interests and costs.

3. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b)(1) and Section 19 of Holzer's Employment Agreement with Ascend, which states that the parties "agree to appear before and submit exclusively to the jurisdiction of the United States District Court for the Southern District of New York with respect to any controversy, dispute, or claim arising out of or relating to" the Agreement.

**PARTIES**

4. Plaintiff Holzer is a resident of the State of Tennessee and former Chief of Operations of Ascend.

5. At all relevant times, Holzer was an "employee" of Defendant under all relevant statutes.

6. Ascend is a Delaware corporation permitted to do business in New York.

7. Ascend's principal place of business is located at 1411 Broadway, 16th Floor, New York, NY 10018.

8. Ascend conducted business at 1411 Broadway, 16th Floor, New York, NY 10018, where it employed Holzer.

9. At all relevant times, Defendant was Holzer's "employer" under all relevant statutes.

**FACTUAL BACKGROUND**

10. Holzer received a Bachelor of Science in Chemical Engineering from the University of Arkansas in 1991. In 2001, he received a Master of Business Administration in Business Process and Supply Chain from Warwick Business School in the United Kingdom.

11. Prior to joining Ascend, Holzer had over 15 years of experience in agribusiness, including expertise in cultivation, and advanced greenhouse and nursery raising of plant crops.

12. In or about October 2023, Ascend offered Holzer the position of Chief of Operations.

13. Holzer was assigned to Ascend's 1411 Broadway, 16th Floor, New York, NY 10018 location.

14. Holzer performed his duties primarily remotely while conducting regular site visits to Ascend's cultivation facilities in Illinois, Massachusetts, New Jersey, Pennsylvania, Michigan and Ohio.

15. Holzer succeeded in his role, improving grow reliability, optimizing capital expenditures, and implementing strategies that increased plant crop yield and quality.

16. On February 6, 2024, Holzer earned a prorated portion of his annual performance bonus as a grant of 25,216 restricted stock units ("RSUs") for positive performance in November and December 2023.

17. On March 18, 2024, Holzer also earned a grant of 350,878 RSUs that would vest annually in thirds over a three-year period as part of Ascend's Long Term Incentive Program ("Long Term RSU Grant"), referenced in Section 4(c) of Holzer's Employment Agreement due to his positive performance.

18. While Holzer was employed by Ascend, he never received any criticism or negative feedback regarding his work performance.

19. Ascend began reducing its workforce in or around May 2024 and terminated numerous high-level employees, including the Chief Marketing Officer and Chief Retail Operations Officer.

20. On or around June 15, 2024, at Human Resources' direction, the Site General Manager at Ascend's facility in Illinois terminated the site's longest-serving Logistics/Customer-Service Manager, without any documented cause despite Holzer's repeated requests for supporting documentation.

21. On or around July 12, 2024, Ascend instituted its first broad reduction-in-force, froze all open hiring, and commenced an operations reorganization tied to a new twelve-month commercial forecast projecting sales declines.

22. Between August 26 and August 30, 2024, Ascend overhauled its leadership: CEO John Hartmann resigned, CFO Mark Cassebaum was terminated, co-founder Frank Perullo ("Perullo") was installed as President, and Sam Brill was promoted to CEO.

23. During the same week, Holzer met with Perullo in Boston to review operations plans and refused Perullo's request to terminate Vice President Corey Jackson, objecting that the request was based on unsubstantiated personal bias.

24. From September 1 to 20, 2024, Perullo and new CFO Roman Nemchenko repeatedly directed Holzer to track salaried employees' time via cameras and time-clocks.

25. Founders conducted site visits and issued contradictory cost-cutting mandates, creating confusion and damaging morale.

26. In or around late September 2024, Ascend executed a final round of staff cuts in its Legal and Human Resources departments and at its facility in Michigan.

27. Ascend continued pressuring Holzer to reduce headcount beyond what its own demand planning justified, further heightening team frustration and uncertainty.

28. On October 6, 2024, Ascend summarily terminated Holzer's employment via a one-minute Microsoft Teams call, alleging only that he had committed unspecified "Code of Conduct" violations.

29. Ascend provided no prior warning or explanation to substantiate any misconduct allegation.

30. Following the unexpected termination, Holzer emailed Ascend's Human Resources department on October 11, 2024, for additional information concerning the reason for his termination.

31. Ascend refused to provide any additional information and ignored a further written request Holzer sent on October 16, 2024.

32. Holzer's Employment Agreement with Ascend requires that for-cause terminations include "notice to the Executive setting forth in reasonable detail the nature of such Cause" as set forth in Section 5(c).

33. By claiming a for-cause termination but failing to provide reasonable detail as to the nature of the purported cause, Ascend breached its Employment Agreement with Holzer.

34. Section 5(d) of the Employment Agreement provides that in the event of a termination without cause, "the Company shall pay the Executive an amount equal to the sum of Base Salary earned by the Executive for the full fiscal year …"

35. Holzer's annual base salary at the time of the termination was $400,000.

36. The agreement also provides that Holzer would be entitled to 12 months of company-paid medical and dental premiums.

37. Ascend failed to compensate Holzer as the Employment Agreement requires for termination without cause.

38. Pursuant to Section 4(c) of the Employment Agreement, on November 6, 2023, Holzer was granted 350,000 RSUs ("Initial RSU Grant") that "shall vest twenty five percent (25%) annually over a four (4) year period."

39. Ascend cancelled Holzer's Long Term RSU Grant and Initial RSU Grant.

40. By failing to compensate him for his RSUs, Ascend breached its Employment Agreement with Holzer.

### FIRST CAUSE OF ACTION
### (Breach of Contract)

41. Holzer repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

42. Holzer's Employment Agreement with Ascend constitutes a valid and enforceable contract.

43. Holzer performed his contractual obligations to Ascend by performing his duties as its Chief Operations Officer.

44. Ascend failed to perform its contractual obligations to Holzer by terminating him without cause and failing to provide a year of severance pay, continuation of health benefits for a year, or compensation for his RSUs in violation of his Employment Agreement.

45. As a direct and proximate result of Defendant's breach of Holzer's Employment Agreement, Holzer has suffered and continues to suffer damages, including unpaid wages.

46. Defendant's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Holzer, entitling him to punitive damages.

### SECOND CAUSE OF ACTION
### (Unlawful Deduction from Wages in Violation of New York Labor Law § 193)

47. Holzer repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

48. Holzer earned wages for performing work or services as Defendant's Chief Operations Officer.

49.  Ascend withheld Holzer's wages by terminating him without cause and failing to provide a year of severance pay and compensation for his RSUs in violation of his Employment Agreement.

50.  Defendant's withholding of Holzer's wages was willful and done in bad faith. Accordingly, Holzer is entitled to liquidated damages equal to 100% of the unpaid wages due and owing to him pursuant to New York Labor Law § 198(1-a).

51.  As a direct and proximate result of Defendant's breaches of the New York Labor Law, Holzer has been damaged in an amount to be determined at hearing, and is entitled to an award of liquidated damages, attorney's fees, and prejudgment interest owed in connection with these violations.

## **RELIEF**

Plaintiff Nickolas Holzer demands judgment in his favor and against Defendant Ascend Wellness Holdings, Inc. as follows:

A.  An award of damages against Defendant, in an amount to be determined at trial to compensate Holzer for all monetary and/or economic damages, including, but not limited to, the value of the severance, restricted stock units, and medical and dental premiums he was entitled to under his employment agreement with Ascend;

B.  An award of liquidated damages against Defendant amounting to 100% of the unpaid severance and value of the restricted stock units for unlawful withholding of wages in violation of the New York Labor Law;

C.  An award of punitive damages, in an amount to be determined at trial;

D.  Prejudgment interest on all amounts due;

  E. An award of Holzer's reasonable attorneys' fees and costs to the fullest extent permitted by law; and

  F. Such other and further relief as the Court may deem just and proper.

Dated: July 7, 2025
   New York, New York

            **RISSMILLER PLLC**

         By: */s/ Alex Rissmiller*
            Alex Rissmiller
            Jazly Liriano
            5 Pennsylvania Plaza, 19th Floor
            New York, NY 10001
            T: (646) 664-1412
            arissmiller@rissmiller.com
            jliriano@rissmiller.com

            *Attorneys for Plaintiff Nickolas Holzer*