**RISSMILLER** PLLC
EMPLOYMENT LAW FIRM

5 PENNSYLVANIA PLAZA, 19TH FLOOR
NEW YORK, NY 10001
TEL 646.664.1412
WWW.RISSMILLER.COM

**Alex Rissmiller**
arissmiller@rissmiller.com

July 1, 2026

**BY ECF**

The Honorable Katherine Polk Failla, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Courtroom 618
New York, NY 10007



Re:    Holzer v. Ascend Wellness Holdings, Inc.; No. 25-cv-5551-KPF

Dear Judge Failla:

We represent Plaintiff Nickolas Holzer and write regarding two discovery deficiencies that surfaced during recent depositions that the parties could not resolve despite meeting and conferring by telephone on June 22, 2026, and by email since. First, Defendant never collected or searched its custodians' text messages, discovery it agreed months ago to produce. Second, Defendant's Rule 30(b)(6) designee, Mr. Perullo, was unprepared to testify on three of the topics for which Defendant designated him — Topics 2, 3, and 14 — and Defendant has agreed to produce a substitute designee, Ms. Zonts, but has not provided a date.

Because the fact discovery deadline is July 6, 2026, Plaintiff requests that the Court order Defendant to complete its text-message production by July 10, 2026, and to provide availability for Ms. Zonts's deposition notwithstanding the July 6 deadline. Because the Court has already scheduled a conference for July 8, 2026, at 11:30 a.m., Plaintiff asks that these two issues be addressed at that conference.

Plaintiff served its proposed ESI protocol on November 25, 2025 (Exhibit 1). The protocol identifies nine custodians (including Messrs. Perullo and Nemchenko), search terms, and provides that Defendant's searches "will include any non-email messaging systems (e.g., Slack, WhatsApp, etc.), text messages sent by or received from any custodians' phone that Defendant has access to, and custodians' email accounts." *Id.* Defendant did not object. It ran the agreed search terms, exchanged hit reports with Plaintiff, and produced responsive emails and Microsoft Teams messages. It produced no text messages.

Plaintiff first learned that Defendant had never collected or searched custodial text messages at the June 8, 2026 Rule 30(b)(6) deposition of Mr. Perullo, and confirmed it at the June 9, 2026 deposition of Mr. Nemchenko. Both witnesses testified that Ascend's leadership uses text messaging for work. Mr. Perullo testified that he texts Ascend co-workers "sometimes every day" (Exhibit 2 [Perullo Tr.] 101:6), that he has texted Mr. Nemchenko (101:3), and that he may have texted Mr. Holzer and communicated about him by text (101:10; 103:4–9). Mr. Nemchenko testified that he texts the "majority of the management team" (Exhibit 3 [Nemchenko Tr.] 65:2) and may have texted about Mr. Holzer (64:23–25). Neither had given his phone to anyone to search

for this case, and Mr. Nemchenko did not recall his phone ever being searched; while Mr. Perullo believed a search may have occurred, he could not confirm it (Perullo Tr. 103:14–104:12; Nemchenko Tr. 65:20–66:4). Defendant's counsel has since acknowledged that Ascend is still working "to obtain and search text messages from personal devices" (Exhibit 4 at 3). Defendant's leadership texts therefore likely contain messages responsive to the agreed terms — about Mr. Holzer, his performance, and his termination — that Defendant never searched.

At the June 22 meet-and-confer, Defendant confirmed that it had not searched any custodian's text messages and agreed to run the same searches used for email across the same custodians' texts and its HR messaging platform, Paylocity (Exhibit 4). In the more than two weeks since, Defendant has neither produced the messages nor committed to a production date. It promised updates on June 24, June 26, and June 29, most recently committing to provide the text-message production date and proposed deposition dates by the end of the day on June 30. It did not. *Id.*

That same deposition exposed a second deficiency. Ascend designated Mr. Perullo to testify as its corporate representative on a range of topics, yet he was unprepared to address several of them. Asked at the outset to flag any designated topic he could not speak to, Mr. Perullo conceded he could not testify to Topics 2 and 3, performance evaluations and disciplinary actions, stating, "Number 2 and 3, I can't." (Perullo Tr. 17:16–17). He likewise could not address Topic 14, Defendant's policies and procedures in effect during Mr. Holzer's employment: "No. I can't speak to 14." (18:12). Mr. Perullo had done little to prepare — he reviewed only "some of the emails" that had been "produced" (19:23–20:6) — and pointed to other Ascend personnel, Melissa Feck and John Hartmann, as the people who could actually speak to these topics (21:1–25). At the June 22 meet-and-confer, Defendant agreed to designate a substitute corporate representative, since identified as Ms. Zonts, to testify on Topics 2, 3, and 14, but, as with the text messages, it has not provided a deposition date.

Neither issue could have been raised earlier in the discovery period. A producing party's failure to search a source is not apparent from its production. Plaintiff had no way to know the text messages were never collected until Mr. Perullo so testified on June 8. Nor was his unpreparedness on Topics 2, 3, and 14 apparent until that same deposition. Plaintiff raised both deficiencies in writing within a week, met and conferred on June 22, and has pursued informal resolution throughout. Plaintiff moves only now, before the deadline, because Defendant — though it agreed to remedy both — has not provided dates and time is running short.

Because neither the text-message production nor Ms. Zonts's deposition can be completed by July 6, Plaintiff asks that the Court permit only those two items, both of which Defendant has already agreed to provide, to proceed while all other fact discovery closes on July 6 as scheduled.

Respectfully submitted,

*/s/ Alex Rissmiller*
Alex Rissmiller

The Court has received Plaintiff's above-letter request to compel.

The Court will address the two issues raised by Plaintiff at the conference currently scheduled for **July 8, 2026.** Defendant is directed to respond on or before **July 7, 2026.** Plaintiff's request to continue discovery on the two issues identified is GRANTED with the expectation that the rest of fact discovery must close on July 6, 2026, as scheduled.

Dated:    July 2, 2026          SO ORDERED.
          New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE